UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>Plaintiff,<br><br>vs.<br><br>ELINOR K. GOLDBERG, ALBERT M. GOLDBERG, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., PUALANI ESTATES AT KONA COMMUNITY ASSOCIATION, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | CIV. NO. 19-00076 LEK- KJM |

**ORDER *SUA SPONTE* REMANDING THE INSTANT CASE TO STATE COURT**

On February 13, 2019, pro se Defendant/Counterclaimant Albert M. Goldberg ("A. Goldberg") filed: a "Notice of Removal of the Above State Case No. 13-1-084K to the United States District Court of Hawaii" ("Notice of Removal"); and a "Request for Injunction and Temporary Restraining Order" ("TRO Motion"). [Dkt. nos. 1, 2.] On February 22, 2019, Plaintiff/Counterclaim Defendant Bank of America, N.A. ("BOA") and A. Goldberg each filed a response addressing the issues raised in this Court's February 14, 2019 entering order ("EO"). [Dkt. nos. 8 (EO), 11

("BOA Response"), 12 ("A. Goldberg Response").] On March 15, 2019, A. Goldberg filed a document that has been construed as a supplement to the A. Goldberg Response ("A. Goldberg Supplement") and a declaration by Defendant/Counterclaimant Elinor K. Goldberg ("E. Goldberg"), that has also been construed as a supplement to the A. Goldberg Response ("E. Goldberg Supplemental Declaration"). [Dkt. nos. 15 (A. Goldberg Supplement), 16 (E. Goldberg Suppl. Decl.), 17 (EO construing filings).] The instant case is *sua sponte* remanded to the State of Hawai`i, Third Circuit Court ("state court") for the reasons set forth below.[1]

**BACKGROUND**

On February 1, 2013, BOA filed a Complaint for Foreclosure ("Complaint") in state court against: E. Goldberg; A. Goldberg; Defendant Mortgage Electronic Registration Systems Inc. ("MERS"), solely as nominee for Countrywide Home Loans, Inc. ("Countrywide"); and Defendant Pualani Estates at Kona Community Association ("Pualani Estates"). [Notice of Removal, Exh. A at 9-15 (Complaint).[2]] The Complaint seeks to foreclose

---

[1] This Order supersedes the March 1, 2019 EO, which informed the parties of the Court's ruling. [Dkt. no. 13.]

[2] Exhibit A consists of multiple documents that are not consecutively paginated. All citations to Exhibit A refer to the page numbers assigned by this district court's electronic filing system.

2

upon a property in Kona that is owned by E. Goldberg – in her individual capacity and in her capacity as the wife of Samuel A. Goldberg, deceased – and A. Goldberg as joint tenants ("Property"). [Complaint at ¶ 1.] According to the Complaint: MERS may have an interest in the Property because of "a junior mortgage recorded on June 21, 2005 in the Bureau of Conveyances of the State of Hawaii" ("BOC"); [id. at ¶ 2;] and Pualani Estates may have an interest in the Property because of an unrecorded lien for unpaid maintenance fees, [id. at ¶ 3].

E. Goldberg and A. Goldberg ("the Goldbergs") filed a Counterclaim, alleging breach of contract and unfair and deceptive trade practices. [BOA Response, Decl. of Allison Mizuo Lee ("Lee Decl."), Exh. 1 (Answer to Complaint for Foreclosure; Counterclaim, filed on 3/31/14 in state court ("Answer and Counterclaim")).] The state court dismissed the Complaint on July 30, 2014 because of a violation of circuit court rules. [Lee Decl., Exh. 2 (Order of Dismissal).] According to BOA's counsel, the Goldbergs have actively pursued their Counterclaim, including opposing BOA's motion to dismiss and participating in discovery. On February 1, 2019, BOA filed a motion for summary judgment on the Counterclaim, and the state court set the motion for hearing on March 1, 2019. A. Goldberg

apparently filed the Notice of Removal in lieu of responding to the motion for summary judgment.[3] [Lee Decl. at ¶¶ 4-6.]

A. Goldberg removed this action based on: federal question jurisdiction; diversity jurisdiction; and jurisdiction over admiralty, maritime, and prize cases. [Notice of Removal at pgs. 8-10.] He alleges federal question jurisdiction exists, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k. [Id. at pg. 2.] The Notice of Removal does not contain any indication that A. Goldberg: 1) obtained E. Goldberg's, MERS's, or Pualani Estates' consent to the removal; or 2) served the Notice of Removal on any of those defendants. See Notice of Removal at 13-14 (Proof of Service, noting service on BOA only).

A. Goldberg asserts removal was timely because "the initial pleading was amended and recently discovered by" him. [A. Goldberg Response at 2.] He asserts he recently discovered that BOA was not the beneficiary of the promissory note that the mortgage on the Property secures ("Note"), and he recently offered to tender full payment on the Note, but BOA has ignored this offer. [Id.] A. Goldberg states E. Goldberg is his eighty-nine-year-old mother and he was authorized to act on her behalf. Id. at 3; see also E. Goldberg Suppl. Decl. at pg. 9

---

[3] According to the state court's docket sheet, BOA withdrew the motion for summary judgment on March 29, 2019.

4

("I attest and affirm that I am aware of the Removal. I also approve of my son's actions."). A. Goldberg argues he was not required to obtain MERS's and Pualani Estates' consent to the removal because they have been improperly identified as defendants in this action. He asserts Countrywide is BOA's predecessor in interest, and therefore MERS, as Countrywide's nominee, should be a plaintiff, not a defendant. [A. Goldberg Response at 3.] He also asserts Pualani Estates is not a proper defendant because it "is merely the Association" for the Property. [Id.]

A. Goldberg states he traveled to Honolulu and Kailua-Kona to complete or confirm service of the Notice of Removal on E. Goldberg, MERS, and Pualani Estates. A. Goldberg states a separate proof of service will be submitted. [Id. at 4.] However, no additional proof of service for the Notice of Removal was filed.[4]

**DISCUSSION**

**I. Scope of Attempted Removal**

Plaintiff attached the Complaint to the Notice of Removal, but BOA has presented evidence that the Complaint has been dismissed and only the Goldbergs' Counterclaim remains at

---

[4] The issue of whether A. Goldberg properly served the Notice of Removal will not be addressed further because, even if he did serve the Notice of Removal on all parties, the other defects addressed *infra* are sufficient to require remand.

5

issue.  Thus, it is not clear whether A. Goldberg is attempting to remove the entire case or whether he is attempting to remove the Counterclaim only because there are no remaining issues regarding the Complaint.

>28 U.S.C. § 1441(a) states:
>
>Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, **may be removed by the defendant or the defendants**, to the district court of the United States for the district and division embracing the place where such action is pending.

(Emphasis added.)  To the extent A. Goldberg is attempting to remove the Counterclaim only, the attempt fails as a matter of law because A. Goldberg is a plaintiff in the Counterclaim and only the defendant is entitled to remove an action.  See § 1441(a); see also Wilmington Sav. Fund Soc'y, FSB v. Perreira, CIVIL 16-00029 LEK-KSC, 2016 WL 3034154, at *3-4 (D. Hawai`i May 27, 2016) ("Defendant cannot create federal subject matter jurisdiction based on an attempt to raise . . . defenses or counterclaims under federal law." (quoting Deutsche Bank Nat'l Trust Co. v. Hagan, CIVIL NO. 15-00376 JMS-KSC, 2015 WL 7720465, at *3 (D. Hawai`i Nov. 27, 2015))).

For purposes of the instant Order, this Court assumes A. Goldberg is attempting to remove the entire action, based on the allegations of the Complaint.

6

## II. **Whether the Removal Was Timely**

A. Goldberg's attempt to remove the case is untimely because he failed to file the Notice of Removal within thirty days after he was served with the Complaint. See 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). The Goldbergs were served with the Complaint by no later than March 31, 2014, the date they filed their Answer and Counterclaim. See Lee Decl., Exh. 1. Because A. Goldberg did not file the Notice of Removal until almost five years later, the attempted removal is untimely under § 1446(b)(1).

A. Goldberg argues the removal is timely because of a recent amended pleading and the recent rejection of his offer to pay the balance of the Note. Section 1446 states, in relevant part:

> (b) Requirements; generally. – . . . .
>
> . . . .
>
> > (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be

> ascertained that the case is one which is or has become removable.
>
> (c) Requirements; removal based on diversity of citizenship. – (1) A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

A. Goldberg has not identified any amended version of the Complaint, nor has he identified any "motion, order or other paper" from which he first determined that federal jurisdiction exists. See § 1446(b)(3). Further, to the extent the attempted removal is based on diversity jurisdiction, A. Goldberg cannot invoke § 1446(b)(3) to remove the case because more than one year has passed since the commencement of the case, and he has not presented any evidence that BOA "acted in bad faith in order to prevent [A. Goldberg] from removing the action." See § 1446(c).

This Court therefore concludes that A. Goldberg's Notice of Removal was untimely. Although the case can be remanded on that basis alone, for the sake of completeness, this Court will address the other defects in the Notice of Removal.

### III. Federal Question Jurisdiction and Prize Jurisdiction

A. Goldberg asserts federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because the attempt to foreclose on the Property violates the FDCPA. [Notice of

Removal at pg. 2.] However, the Complaint does not assert a FDCPA claim. Any FDCPA issues in this case are raised in the Goldbergs' defenses or the Counterclaim. As previously noted, defenses and counterclaims do not give rise to federal subject matter jurisdiction. See Wilmington Sav., 2016 WL 3034154, at *3.

A. Goldberg also invokes admiralty, maritime, and prize jurisdiction, pursuant to 28 U.S.C. § 1333. [Notice of Removal at pgs. 8-9.] However, none of the filings in this case suggest there is a factual basis for admiralty or maritime jurisdiction. Further, the Property is neither a "prize brought into the United States," nor is the action one for "condemnation of property taken as prize." See § 1333(2).

This Court therefore concludes that neither federal question jurisdiction nor admiralty/maritime/prize jurisdiction applies in this case.

## IV. **Diversity Jurisdiction**

In light of this Court's rulings, the attempted removal can only be based on diversity jurisdiction. Even if A. Goldberg's filing of the Notice of Removal was timely, he was also required to satisfy § 1446(b)(2)(A), which states: "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." Even if this Court

9

accepts the E. Goldberg Supplemental Declaration as proof that E. Goldberg consented to the removal, there is no evidence in the record suggesting that A. Goldberg obtained MERS's or Pualani Estates' consent. A. Goldberg contends their consent was not necessary because they were not properly joined as defendants.

> This district court has stated:
>
> Under Rule 19(a), a party is necessary if (1) the court "cannot accord complete relief among existing parties" in its absence, (2) resolving the action in the absence of the at-issue party will impair its ability to protect its interest, or (3) resolving the issue in its absence may leave an existing party subject to inconsistent obligations. Fed. R. Civ. P. 19(a)(1)(A), (B). Notwithstanding this guidance, "[t]here is no precise formula for determining whether a party is necessary to an action." Confederated Tribes of the Chehalis Indian Reservation v. Lujan, 928 F.2d 1496, 1498 (9th Cir. 1991).

Greenspon v. AIG Specialty Ins. Co., CV. NO. 18-00448 DKW-RLP, 2019 WL 914125, at *3 (D. Hawai`i Feb. 25, 2019) (alteration in Greenspon).

The Complaint alleges that MERS, as Countrywide's nominee, holds a mortgage that is junior to BOA's mortgage, *i.e.* it is different from the mortgage loan that BOA was attempting to foreclose upon.[5] See Complaint at ¶ 2 (stating MERS's "junior

---

[5] In analyzing whether to *sua sponte* remand this case, the Court applies the same standard that it would apply to a motion to remand asserting a facial attack of the removal. A facial
(. . . continued)

10

mortgage" was recorded in the BOC on 6/21/05 as Document
No. 2006-122348),[6] ¶ 7 (stating the mortgage at issue in
foreclosure was recorded in the BOC on 6/21/05 as Document
No. 2005-122347). Thus, MERS, as Countrywide's nominee, is a
necessary party to this foreclosure action because it is a
subsequent mortgage holder. See Haw. Rev. Stat. § 667-2 ("All
prior and subsequent mortgage creditors, whose names are or can
be discovered by the party foreclosing a mortgage, shall be made
parties to the action."). The Complaint also alleges Pualani
Estates has an unrecorded lien against the Property for unpaid
maintenance fees. [Complaint at ¶ 3.] Pualani Estates is a
necessary party because it has an interest in the Property and,
if the foreclosure action were litigated in its absence, it
would "impair or impede [Pualani Estates'] ability to protect
the interest." See Rule 19(a)(1)(B)(i). Further, there is no

---

attack is treated like a Fed. R. Civ. P. 12(b)(6) motion to
dismiss because the district court "'[a]ccept[s] the [removing
party]'s allegations as true and draw[s] all reasonable
inferences in the [removing party]'s favor' to determine whether
the allegations are 'sufficient as a legal matter to invoke the
court's jurisdiction.'" Beach Front Villas, LLC v. Rogers, CIV.
NO. 18-00457 LEK-RLP, 2019 WL 1223305, at *3 (D. Hawai`i Mar.
15, 2019) (quoting Leite v. Crane Co., 749 F.3d 1117, 1122 (9th
Cir. 2014)). Thus, this Court will accept as true all of the
factual allegations of the Notice of Removal, including the
attached Complaint, unless a factual allegation in the Complaint
is contested in the Notice of Removal.

    [6] The Complaint's reference to the junior mortgage's
document number appears to have a typographical error.

evidence in the record that BOA failed to properly serve either MERS or Pualani Estates. Because both MERS and Pualani Estates were properly joined and served, they were required to "join in or consent to the removal of the action." See § 1446(b)(2)(A). Because there is no evidence of joinder or consent by either MERS or Pualani Estates, A. Goldberg's removal of the action was improper.

Moreover, the record does not establish a basis for diversity jurisdiction. The Notice of Removal alleges the amount in controversy meets "the minimum jurisdictional threshold of $75,000," [Notice of Removal at pg. 11,] but the record does not establish that the action is between "citizens of different States." See § 1332(a)(1); see also Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).

The Court concludes that A. Goldberg's removal of this action was improper because: 1) there is no basis for federal subject matter jurisdiction; and 2) he failed to follow the statutorily required removal procedures. The case must be remanded to the state court. See § 1447(c) ("If at any time

before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## CONCLUSION

On the basis of the foregoing, the instant case is *sua sponte* REMANDED to the State of Hawai`i, Third Circuit Court. The Clerk's Office is DIRECTED to effectuate the remand on **April 29, 2019**, unless A. Goldberg files a motion for reconsideration of this Order by **April 26, 2019.**

In light of the *sua sponte* remand, this Court will take no action on A. Goldberg's "Request for Injunction and Temporary Restraining Order," filed on February 13, 2019.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 12, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**BANK OF AMERICA VS. ELINOR GOLDBERG, ET AL; CV 19-00076 LEK; ORDER SUA SPONTE REMANDING THE INSTANT CASE TO STATE COURT**