UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>    Plaintiff,<br><br>  vs.<br><br>ELINOR K. GOLDBERG, ALBERT M. GOLDBERG, MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., SOLELY AS NOMINEE FOR COUNTRYWIDE HOME LOANS, INC., PUALANI ESTATES AT KONA COMMUNITY ASSOCIATION, JOHN DOES 1-50, JANE DOES 1-50, DOE PARTNERSHIPS 1-50, DOE CORPORATIONS 1-50, DOE ENTITIES 1-50, DOE GOVERNMENTAL UNITS 1-50,<br><br>    Defendants. | CIV. NO. 19-00076 LEK-KJM |

**ORDER DENYING THE GOLDBERGS' MOTION FOR RECONSIDERATION**

On April 12, 2019, this Court issued an Order *Sua Sponte* Remanding the Instant Case to State Court ("4/12/19 Order"). [Dkt. no. 19.[1]] On April 26, 2019, pro se Defendants/Counterclaimants Albert M. Goldberg ("A. Goldberg") and Elinor K. Goldberg ("E. Goldberg" and collectively "the Goldbergs") filed a motion for reconsideration of the 4/12/19 Order ("Motion for Reconsideration"). [Dkt. no. 22.] Plaintiff/Counterclaim Defendant Bank of America, N.A. ("BOA")

---

[1] The 4/12/19 Order is also available at 2019 WL 1586747.

filed its memorandum in opposition on May 13, 2019. [Dkt. no. 27.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Goldbergs' Motion for Reconsideration is hereby denied for the reasons set forth below.

**BACKGROUND**

The factual and procedural background of this case is set forth in the 4/12/19 Order and will not be repeated here. In the 4/12/19 Order, this Court *sua sponte* remanded the instant case to the State of Hawai`i, Third Circuit Court ("state court") because A. Goldberg's attempt to remove the action was untimely.[2] [4/12/19 Order at 7-8.] In addition, this Court concluded that neither federal question jurisdiction nor admiralty/maritime/prize jurisdiction applies in this case. [Id. at 8-9.] To the extent that the removal was based on diversity jurisdiction: A. Goldberg was required to obtain the

---

[2] A. Goldberg filed a "Notice of Removal of the Above State Case No. 13-1-084K to the United States District Court of Hawaii" ("Notice of Removal") on February 13, 2019. In the 4/12/19 Order, this Court assumed A. Goldberg was attempting to remove the entire action, as opposed to only the proceedings on the Goldbergs' Counterclaim. [4/12/19 Order at 5-6.] Although they disagree with the reasons why this Court made that assumption, the Goldbergs agree that the removal was of the entire action. [Motion for Reconsideration at 7-8.]

joinder in, or consent to, the removal by Defendant Mortgage Electronic Registration Systems Inc. ("MERS") and Defendant Pualani Estates at Kona Community Association ("Pualani Estates"), but he failed to do so; [id. at 9-12;] and the Notice of Removal failed to establish that "the action is between 'citizens of different States,'" [id. at 12 (quoting 28 U.S.C. § 1332(a)(1))]. Thus, this Court ordered that the case be remanded to the state court.

In the Motion for Reconsideration, the Goldbergs argue that all of these rulings were erroneous, and they assert the instant case should remain in this district court.

**STANDARD**

An order remanding a case to state court is considered a dispositive, *i.e.* final, order. See, e.g., Estate of Tungpalan v. Crown Equip. Corp., Civil No. 11-00581 LEK-BMK, 2013 WL 2897777, at *5-6 (D. Hawai`i June 12, 2013) (considering a party's objections to the magistrate judge's recommendation to remand the case as a dispositive matter). "When a ruling has resulted in a final judgment or order . . . a motion for reconsideration may be construed as either a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or a motion for relief from judgment under [Federal] Rule [of Civil Procedure] 60(b)." Grandinetti v. Sells, CIV. NO. 16-00517 DKW/RLP, 2016 WL 6634868, at *1 (D. Hawai`i Nov. 8, 2016)

3

(citing Sch. Dist. No. 1J Multnomah Cty. v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993)). Because there has been no judgment entered in this case, the Goldbergs' Motion for Reconsideration is reviewed as a Rule 60(b) motion for relief from the 4/12/19 Order.

> Rule 60(b) states, in relevant part:
>
> On motion and just terms, the court may relieve a party . . . from a final . . . order . . . for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > (4) the judgment is void;
> >
> > (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> >
> > (6) any other reason that justifies relief.

Based on the arguments raised in the Motion for Reconsideration, the only arguably applicable provision is Rule 60(b)(6). "Rule 60(b)(6) relief normally will not be granted unless the moving party is able to show both injury and that circumstances beyond its control prevented timely action to protect its

4

interests." Navajo Nation v. Dep't of the Interior, 876 F.3d 1144, 1173 (9th Cir. 2017) (citation and quotation marks omitted).

If this Court considers the 4/12/19 Order to be an interlocutory order, the Motion for Reconsideration would be governed by Local Rule 60.1. Relevant to the instant case, Local Rule 60.1 states: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds . . . (c) Manifest error of law or fact."

## DISCUSSION

### I. Timeliness of Removal

The Goldbergs acknowledge that: they did not remove the case until almost five years after they were served with BOA's Complaint for Foreclosure ("Complaint"); and 28 U.S.C. § 1446(b)(1) usually requires that a case be removed within thirty days of service.[3] However, the Goldbergs argue the removal was timely, pursuant to § 1446(b)(3),[4] in light of BOA's

---

[3] Section 1446(b)(1) states, in pertinent part: "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

[4] Section 1446(b)(3) states:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after
> (. . . continued)

5

recent filing of an amended pleading and BOA's rejection of the Goldbergs' offer to tender the outstanding amount due on their promissory note. [Motion for Reconsideration at 8-9.] These arguments were previously presented, [A. Goldberg's response to 2/14/19 entering order ("A. Goldberg Response"), filed 2/14/19 (dkt. no. 12), at 2,] and were rejected in the 4/12/19 Order, [4/12/19 Order at 7-8]. The mere fact that the Goldbergs disagree with this Court's ruling is not grounds for reconsideration of the 4/12/19 Order. See Bodyguard Prods., Inc. v. Doe 1, CIVIL NO. 18-00276 JAO-RLP, 2019 WL 1083764, at *1 (D. Hawai`i Mar. 7, 2019) ("Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration." (citing White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005))).

In addition, the Goldbergs argue the one-year limitation in diversity cases for the application of § 1446(b)(3) does not apply here because BOA attempted, in bad faith, to prevent the Goldbergs from removing the action.

---

> receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

6

[Motion for Reconsideration at 9 (citing § 1446(c)).[5]]
A. Goldberg did not raise this argument in either the Notice of Removal or the A. Goldberg Response. Because this argument could have been raised in either of those filings, it cannot serve as the basis for reconsideration. See Wereb v. Maui Cty., 830 F. Supp. 2d 1026, 1031 (D. Hawai`i 2011) ("reconsideration may not be based on evidence and legal arguments that a movant could have presented at the time of the challenged decision" (some citations omitted) (citing Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000))).

      The Goldbergs' bad faith argument is that BOA acted in bad faith because it named MERS and Pualani Estates as defendants in this action when there was no basis to do so. [Motion for Reconsideration at 9-10.] However, this Court has already ruled that both MERS and Pualani Estates were properly joined as defendants. [4/12/19 Order at 10-12.] Mere disagreement with the ruling is not grounds for reconsideration of the 4/12/19 Order. No legal authority has been identified showing that this analysis was erroneous. The Goldbergs also argue BOA has acted in bad faith because it ignored the

---

    [5] Section 1446(c)(1) states that, in cases where federal jurisdiction is based on diversity, the removal cannot occur "more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."

7

Goldbergs' multiple tender offers. [Motion for Reconsideration at 10.] They are mistaken. Section 1446(c) only applies if the plaintiff's bad faith prevented the defendant from removing the action in a timely manner. The fact that BOA ignored the Goldbergs' tender offers does not constitute "an amended pleading, motion, order or other paper from which it [could] first be ascertained that the case is one which is or has become removable." See § 1446(b)(3). Based on the Goldbergs' own arguments, evidence that BOA concealed that fact is completely absent. The Goldbergs therefore fail to establish that BOA engaged in bad faith for purposes of § 1446(c).

As the Goldbergs have failed to identify any legal or factual error in this Court's ruling that the attempted removal of this action was untimely, and failed to present any other reason warranting relief from the ruling, their Motion for Reconsideration must be denied. Likewise, under either the Rule 60(b)(6) standard or the Local Rule 60.1(c) standard, the Goldbergs have failed to establish any ground for reconsideration of the ruling that the attempt to remove this action was untimely.

As noted in the 4/12/19 Order, the fact that the Notice of Removal was untimely is singularly sufficient to remand this case. [4/12/19 Order at 8.] However, the other arguments will be addressed for the sake of completeness.

## II. Federal Question Jurisdiction and Prize Jurisdiction

The Goldbergs argue federal question jurisdiction exists, pursuant to 28 U.S.C. § 1331, because the Complaint mentions a violation of the Fair Debt Collection Practices Act ("FDCPA"). [Motion for Reconsideration at 8.] This argument was considered and rejected in the 4/12/19 Order, [4/12/19 Order at 8-9,] and the Goldbergs' mere disagreement with the order does not constitute grounds for reconsideration. They have presented no legal authority showing that this Court erred when it ruled that federal question jurisdiction does not exist in this case. The Motion for Reconsideration is therefore denied as to the Goldbergs' challenge to the federal question analysis.

The 4/12/19 Order also concluded that there was no basis for admiralty/maritime/prize jurisdiction. [4/12/19 Order at 9 (citing 28 U.S.C. § 1333).] The Goldbergs disagree, asserting "there is a factual basis for admiralty or maritime jurisdiction in this instant case at bar." [Motion for Reconsideration at 10-11.] Because the Goldbergs do not cite any support for this argument, they fail to identify any legal or factual error in this Court's ruling. They also fail to identify any other reason warranting relief from the ruling. Under either the Rule 60(b)(6) standard or the Local Rule 60.1(c) standard, the Motion for Reconsideration is denied as to

the issues of federal question jurisdiction and admiralty/maritime/prize jurisdiction.

**III. Diversity Jurisdiction**

The Goldbergs argue diversity jurisdiction exists in this case because: E. Goldberg consented to the removal; MERS's consent and Pualani Estates' consent to the removal were not required because they were improperly joined; the amount in controversy requirement is satisfied; and there is complete diversity amongst the parties. [Motion for Reconsideration at 11-12.]

This Court ruled that, even if E. Goldberg consented to the removal, MERS's consent and Pualani Estates' consent were required because they had been properly joined and served prior to removal. [4/12/19 Order at 9-12.] The mere fact that the Goldbergs disagree with that ruling is not grounds for reconsideration of the 4/12/19 Order. The Goldbergs have not presented any legal authority showing that this Court's consent analysis was erroneous.

As to the Goldbergs' other arguments, the 4/12/19 Order acknowledged that the Notice of Removal alleged the amount in controversy requirement was satisfied. [4/12/19 Order at 12.] Although the Goldbergs now assert "MERS is domiciled in Reston, Virginia and BOA is domiciled in Charlotte, North Carolina," [Motion for Reconsideration at 12,] that information

10

is not alleged in the Notice of Removal, nor did A. Goldberg present it in the other materials he filed before the 4/12/19 Order was issued. Even if this Court did consider these citizenship allegations, the existence of complete diversity of citizenship does not overcome either the fact that the removal was untimely or the fact that MERS and Pualani Estates did not consent to the removal.

This Court reaffirms its ruling that it cannot exercise diversity jurisdiction over the instant case because MERS and Pualani Estates did not consent to the removal. Under either the Rule 60(b)(6) standard or the Local Rule 60.1(c) standard, the Motion for Reconsideration is denied as to the question of whether this Court can exercise diversity jurisdiction over the instant case.

## CONCLUSION

On the basis of the foregoing, the Goldbergs' "Motion for Reconsideration for Notice of Removal of the Above State Case No. 13-1084K to the United States District Court for the District of Hawaii," filed April 26, 2019, is HEREBY DENIED. The Clerk's Office is DIRECTED to effectuate the remand of the instant case immediately.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 5, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

BANK OF AMERICA, N.A. VS. ALBERT M. GOLDBERG ET AL; CV 19-00076 LEK-KJM; ORDER DENYING THE GOLDBERGS' MOTION FOR RECONSIDERATION